IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 08-259 |
| v. | ) | |
| | ) | |
| 2POINT COMMUNICATIONS, INC.; | ) | |
| 350 NICE, INC., AIRCOM, L.C.; | ) | |
| ACUMEN ASSOCIATES, INC.; | ) | |
| AMERICAN VOICE MAIL, INC.; | ) | |
| ARCOSOFT INC.; BAEDER CORPORATION; | ) | |
| BIT BY BIT COMPUTER CONSULTANTS, INC.; | ) | |
| COA NETWORK, INC.; COREN | ) | **JURY TRIAL** |
| TELECOMMUNICATIONS, INC.; | ) | **DEMANDED** |
| JON KRAHMER,  individually and d/b/a | ) | |
| ELECTRASOFT; FLUENTT TECHNOLOGY LLC; | ) | |
| FREE DIGITS, LLC; GLOBAL ACCESS, INC.; | ) | |
| GOFAXER.COM, INC.; HOSTWAY | ) | |
| CORPORATION; INPHONIC, INC.; INTERNET | ) | |
| AMERICA, INC.; INTERPAGE NETWORK | ) | |
| SERVICES, INC.; INTERFAX US INC.; | ) | |
| LAUNCHFAX.COM, INC.; ATG TECHNOLOGIES, | ) | |
| INC. d/b/a PATLIVE; RINGDALE, INC.; SEPE INC.; | ) | |
| SHADOWSTORAGE INC.; SIMS COMPANY | ) | |
| d/b/a PAGE ONE NORTHWEST; SRFAX; | ) | |
|  VITELITY COMMUNICATIONS, LLC; | ) | |
| XIFAX LIMITED; AND BOB COSTELLO, | ) | |
| d/b/a FAXTOPIA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Catch Curve, Inc. ("Catch Curve") states its First Amended Complaint against

original Defendants 2Point Communications, Inc.; 350 Nice, Inc., AirCom, L.C.; Acumen

Associates, Inc.; American Voice Mail, Inc.; Arcosoft Inc.; Coren Telecommunications, Inc.;

Free Digits, LLC; GoFaxer.com, Inc.; Hostway Corporation; Internet America, Inc.; Interpage

Network Services, Inc.; Interfax US Inc.; LaunchFax.Com, Inc.; Sepe Inc.; Shadowstorage Inc.;

SRFax; and Xifax Limited and additional Defendants ATG Technologies, Inc. d/b/a PATlive;

Baeder Corporation; Bit By Bit Computer Consultants, Inc.; COA Network, Inc.; Bob Costello

d/b/a Faxtopia; Fluentt Technology LLC; Global Access, Inc.; Inphonic, Inc.; John Krahmer,

individually and d/b/a Electrasoft; Ringdale, Inc.; Sims Company d/b/a Page One Northwest; and

Vitelity Communications, LLC (collectively "Defendants"), as follows:

## JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35, United States Code.

2.      This Court has subject matter jurisdiction over all causes of action set forth herein

pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the

United States, 35 U.S.C. §§ 1 *et seq.*

3.      Venue is proper in this judicial district and division pursuant to 28 U.S.C.

§§1391(b) and (c) and 1400(b) in that each Defendant has done business in this District, has

committed acts of infringement in this District, and continues to commit acts of infringement in

this District, entitling Catch Curve to relief.

## PARTIES

4.      Catch Curve, Inc. is a Delaware corporation with its principal place of business in

Gwinnett County, Georgia.  Catch Curve is the owner, by assignment, of all right, title, and

interest in and to the following United States Patents, including the right to bring suit for patent

infringement:  United States Patent No. 6,785,021 ("the '021 patent") (copy attached hereto as

Exhibit A); and United States Patent No. 7,365,884 ("the '884 patent") (copy attached hereto as Exhibit B).  The '021 patent and the '884 patent are referred to herein collectively as "the patents-in-suit."

5.      Upon information and belief, Defendant 2Point Communications, Inc. is a California corporation with its principal place of business in Tracy, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

6.      Upon information and belief, Defendant 350 Nice, Inc. is a California corporation with its principal place of business in San Francisco, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

7.      Upon information and belief, Defendant AirCom, L.C. is a Utah corporation with its principal place of business in Provo, Utah.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

8.      Upon information and belief, Defendant Acumen Associates, Inc. is a Washington corporation with its principal place of business in Bellevue, Washington.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

9.      Upon information and belief, Defendant American Voice Mail, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

10.     Upon information and belief, Defendant Arcosoft, Inc. is a Canadian corporation with its principal place of business in Richmond Hill, Ontario.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

11.     Upon information and belief, Defendant Baeder Corporation is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

12.     Upon information and belief, Defendant Bit by Bit Computer Consultants, Inc. is a New York corporation with its principal place of business in New York, NY.   Upon information and belief, the Court has personal jurisdiction over this Defendant.

13.     Upon information and belief, Defendant COA Network, Inc. is a New Jersey corporation with its principal place of business in Piscataway, New Jersey.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

14.     Upon information and belief, Defendant Coren Telecommunications, Inc. is a Canadian corporation with its principal place of business in Montreal, Quebec.   Upon information and belief, the Court has personal jurisdiction over this Defendant.

15.     Upon information and belief, Defendant Jon Krahmer is an individual resident of Texas doing business as ElectraSoft in Missouri City, Texas.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

16.     Upon information and belief, Defendant Fluentt Technology LLC is a California corporation with its principal place of business in Oakland, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

17.     Upon information and belief, Defendant Free Digits, LLC is an Iowa corporation with its principal place of business in West Des Moines, Iowa.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

4

18.     Upon information and belief, Defendant Global Access, Inc. is a Tennessee corporation with its principal place of business in Smyrna, Tennessee.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

19.     Upon information and belief, Defendant GoFaxer.com, Inc. is a California corporation with its principal place of business in San Francisco, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

20.     Upon information and belief, Defendant Hostway Corporation is an Illinois corporation with its principal place of business in Chicago, Illinois.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

21.     Upon information and belief, Defendant InPhonic, Inc. is a Virginia corporation with its principal place of business in Reston, Virginia.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

22.     Upon information and belief, Defendant Interfax US Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

23.     Upon information and belief, Defendant Internet America, Inc. is a Texas corporation with its principal place of business in Houston, Texas.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

24.     Upon information and belief, Defendant Interpage Network Services, Inc. is a Connecticut corporation with its principal place of business in Boston, Massachusetts.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

25.     Upon information and belief, Defendant LaunchFax.com, Inc. is a New Jersey corporation with its principal place of business in Fair Haven, New Jersey.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

26.     Upon information and belief, Defendant ATG Technologies, Inc. d/b/a PATLive is a Florida corporation with its principal place of business in Tallahassee, Florida.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

27.     Upon information and belief, Defendant Ringdale, Inc. is a Texas corporation with its principal place of business in Georgetown, Texas.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

28.     Upon information and belief, Defendant Sepe, Inc. is a California corporation with its principal place of business in Costa Mesa, California.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

29.     Upon information and belief, Defendant Shadowstorage, Inc. is a Florida corporation with its principal place of business in Port St. Lucie, Florida.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

30.     Upon information and belief, Defendant Sims Company d/b/a Page One Northwest is an Oregon corporation with its principal place of business in Portland, Oregon.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

31.     Upon information and belief, Defendant SRFax is a Canadian corporation with its principal place of business in Burnaby, British Columbia.  Upon information and belief, the Court has personal jurisdiction over this Defendant.

32.     Upon information and belief, Defendant Vitelity Communications, LLC is a Colorado corporation with its principal place of business in Denver, Colorado.   Upon information and belief, the Court has personal jurisdiction over this Defendant.

33.     Upon information and belief, Defendant Xifax Limited is a California corporation with its principal place of business in Fremont, California.   Upon information and belief, the Court has personal jurisdiction over this Defendant.

34.     Upon information and belief, Defendant Bob Costello is an individual resident of Texas doing business as Faxtopia in Littleton, Colorado.   Upon information and belief, the Court has personal jurisdiction over this Defendant.

**COUNT ONE:**
**INFRINGEMENT OF U.S. PATENT NO. 6,785,021**

35.     Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     On August 31, 2004, United States Patent No. 6,785,021 ("the '021 patent") was duly and legally issued for "Facsimile Telecommunications System and Method."   Catch Curve holds all rights and interest in the '021 patent.   A true and correct copy of the '021 patent is attached hereto as Exhibit A.

37.     Upon information and belief, Defendant 2Point Communications, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant 2Point Communications, Inc.'s Internet Fax Service and/or FaxServe product.

38.     Upon information and belief, Defendant 350 Nice has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant 350 Nice's FaxIT Nice Service.

39.     Upon information and belief, Defendant AirCom, L.C. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant AirCom, L.C's AirComUSA Fax to Email Service.

40.     Upon information and belief, Defendant Acumen Associates, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Acumen Associates, Inc.'s Metro Hi Speed MetroFAX service.

41.     Upon information and belief, Defendant American Voice Mail, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant American Voice Mail Inc.'s Fax to Email Service.

42.     Upon information and belief, Defendant Arcosoft, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Arcosoft, Inc.'s RunFax product.

43.     Upon information and belief, Defendant Baeder Corporation has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Baeder Corporation's Business Link International Fax to Email service.

44.     Upon information and belief, Defendant Bit By Bit Computer Consultants, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Bit By Bit Computer Consultants, Inc.'s Faxbin service.

45.     Upon information and belief, Defendant COA Network, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant COA Network, Inc.'s TeleCenter Service.

46.     Upon information and belief, Defendant Coren Telecommunications, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Coren Telecommunications, Inc.'s services offered through the websites 1800Fax-Email.com, e-faxing.us, and voicemailsolution.com.

47.     Upon information and belief, Defendant Jon Krahmer has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Jon Krahmer's ElectraSoft 32bit Fax product.

48.     Upon information and belief, Defendant Fluentt Technology LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Fluentt Technology LLC's PowrFone.com PowrFax Service.

49.     Upon information and belief, Defendant Free Digits, LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Free Digits, LLC's FaxDigits service.

50.     Upon information and belief, Defendant Global Access, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Global Access, Inc.'s OnLine Fax Service.

51.     Upon information and belief, Defendant GoFaxer.com, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant GoFaxer.com, Inc.'s Internet Fax service.

52.     Upon information and belief, Defendant Hostway Corporation has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Hostway Corporation's Fax over Email service.

53.     Upon information and belief, Defendant InPhonic, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant InPhonic, Inc.'s Starbox service.

54.     Upon information and belief, Defendant Internet America, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Internet America, Inc.'s NetFAX service.

55.     Upon information and belief, Defendant Interpage Network Services, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Interpage Network Services, Inc.'s Standalone Fax and Voicemail Box service.

56.     Upon information and belief, Defendant Interfax US Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Interfax US Inc.'s service.

57.     Upon information and belief, Defendant LaunchFax.com, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant LaunchFax.com, Inc.'s Fax to Email service.

58.     Upon information and belief, Defendant ATG Technologies, Inc. d/b/a PATLive has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale,

importation, and/or offer for sale of Defendant ATG Technologies, Inc.'s PATLive Virtual Fax service.

59.     Upon information and belief, Defendant Ringdale, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Ringdale, Inc.'s ModuLAN® FaxReceiver MFR-400 Product.

60.     Upon information and belief, Defendant Sepe, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Sepe, Inc.'s Fax★Star® Enterprise Server Product and Fax★Star® Advanced Server Product.

61.     Upon information and belief, Defendant Shadowstorage, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Shadowstorage, Inc.'s ShadowFax service.

62.     Upon information and belief, Defendant Sims Company d/b/a Page One Northwest has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Sims Company's Page One Northwest Fax to Email service.

63.     Upon information and belief, Defendant SRFax has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts

include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant SRFax's service.

64.     Upon information and belief, Defendant Vitelity Communications, LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Vitelity Communications, LLC's vFax Number service.

65.     Upon information and belief, Defendant Xifax Limited has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Xifax Limited's Pro and Pro-Plus services.

66.     Upon information and belief, Defendant Bob Costello has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Bob Costello's Faxtopia Internet Fax Service.

67.     The acts of infringement of the '021 patent by the Defendants, and each of them, have caused damage to Catch Curve and Catch Curve is entitled to recover from the Defendants, and each of them, the damages sustained by Catch Curve as a result of their wrongful acts in an amount subject to proof at trial.   The infringement of Catch Curve' exclusive rights under the '021 patent by the Defendants, and each of them, will continue to damage Catch Curve, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT TWO:**
**INFRINGEMENT OF U.S. PATENT NO. 7,365,884**

68.     Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

69.     On April 29, 2008, United States Patent No. 7,365,884 ("the '884 patent") was duly and legally issued for "Facsimile Telecommunications System and Method."  Catch Curve holds all rights and interest in the '884 patent.  A true and correct copy of the '884 patent is attached hereto as Exhibit B.

70.     Upon information and belief, Defendant 2Point Communications, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant 2Point Communications, Inc.'s Internet Fax Service and/or FaxServe product.

71.     Upon information and belief, Defendant 350 Nice has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant 350 Nice's FaxIT Nice service.

72.     Upon information and belief, Defendant AirCom, L.C. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant AirCom, L.C.'s AirCom USA Fax to Email service.

73. Upon information and belief, Defendant Acumen Associates, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Acumen Associates, Inc.'s Metro Hi Speed MetroFax service.

74.     Upon information and belief, Defendant American Voice Mail, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant American Voice Mail, Inc.'s Fax to Email service.

75. Upon information and belief, Defendant Arcosoft, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Arcosoft, Inc.'s RunFax product.

76.     Upon information and belief, Defendant Baeder Corporation has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Baeder Corporation's Business Link International Fax to Email service.

77.     Upon information and belief, Defendant Bit By Bit Computer Consultants, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Bit By Bit Computer Consultants, Inc.' s Faxbin service.

78.     Upon information and belief, Defendant COA Network, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant COA Network, Inc.'s TeleCenter Service.

79.     Upon information and belief, Defendant Coren Telecommunications, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Coren Telecommunications, Inc.'s services offered through the websites 1800Fax-Email.com, e-faxing.us, and voicemailsolution.com.

80.     Upon information and belief, Defendant Fluentt Technology LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '021 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Fluentt Technology LLC's PowrFone.com PowrFax Service.

81.     Upon information and belief, Defendant Free Digits, LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Free Digits, LLC's FaxDigits service.

82.     Upon information and belief, Defendant Global Access, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Global Access, Inc.'s OnLine Fax Service.

83. Upon information and belief, Defendant GoFaxer.com, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant GoFaxer.com's Internet Fax service.

84.     Upon information and belief, Defendant Hostway Corporation has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Hostway Corporation's Fax Over Email service.

85.     Upon information and belief, Defendant InPhonic, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant InPhonic, Inc.'s Starbox service.

86.     Upon information and belief, Defendant Internet America, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Internet America, Inc.'s NetFAX service.

87.     Upon information and belief, Defendant Interpage Network Services, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Interpage Network Services, Inc.'s Standalone Fax and Voicemail Box service.

88.     Upon information and belief, Defendant Interfax US Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The

infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Interfax US, Inc.'s service.

89.     Upon information and belief, Defendant LaunchFax.com, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant LaunchFax.com, Inc.'s Fax to Email service.

90.     Upon information and belief, Defendant ATG Technologies, Inc. d/b/a PATLive has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant ATG Technologies, Inc.'s PATLive Virtual Fax Service.

91.     Upon information and belief, Defendant Sepe, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Sepe, Inc.'s Fax★Star® Enterprise Server Product and Fax★Star® Advanced Server Product.

92.     Upon information and belief, Defendant Shadowstorage, Inc. has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Shadowstorage, Inc.'s ShadowFax service.

93.     Upon information and belief, Defendant Sims Company d/b/a Page One Northwest has infringed directly and/or indirectly and continues to infringe directly and/or

indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Sims Company's Page One Northwest Fax to Email service.

94.     Upon information and belief, Defendant SRFax has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant SRFax's service.

95.     Upon information and belief, Defendant Vitelity Communications, LLC has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Vitelity Communications, LLC's vFax Number service.

96.     Upon information and belief, Defendant Xifax Limited has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Xifax Limited's Pro and Pro-Plus services.

97.     Upon information and belief, Defendant Bob Costello has infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '884 patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of Defendant Bob Costello's Faxtopia Internet Fax Service.

98.     The acts of infringement of the '884 patent by the Defendants, and each of them, have caused damage to Catch Curve and Catch Curve is entitled to recover from the Defendants,

and each of them, the damages sustained by Catch Curve as a result of their wrongful acts in an amount subject to proof at trial.  The infringement of Catch Curve' exclusive rights under the '884 patent by the Defendants, and each of them, will continue to damage Catch Curve, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Catch Curve, Inc. prays that the Court enter judgment in its favor and against Defendants 2Point Communications, Inc.; 350 Nice, Inc.; AirCom, L.C.; Acumen Associates, Inc.; American Voice Mail, Inc.; Arcosoft Inc.; Baeder Corporation; Bit By Bit Computer Consultants, Inc.; COA Network, Inc.; Coren Telecommunications, Inc.; Jon Krahmer, individually and d/b/a ElectraSoft;   Fluentt Technology LLC; Free Digits, LLC; GoFaxer.com, Inc.; Hostway Corporation; InPhonic, Inc.; Internet America, Inc.; Interpage Network Services, Inc.; Interfax US Inc.; LaunchFax.Com, Inc.; ATG Technologies, Inc. d/b/a PATLive; Ringdale, Inc.; Sepe Inc.; Shadowstorage Inc.; Sims Company d/b/a Page One Northwest; SRFax; Vitelity Communications, LLC; Xifax Limited; and Bob Costello, individually and d/b/a Faxtopia, as follows:

A.      That the Court enter judgment of infringement against the Defendants, and each of them;

B.      That the Defendants, and each of them, be ordered to pay damages adequate to compensate Catch Curve for their acts of infringement, pursuant to 35 U.S.C. § 284;

C.      That the Court find that this case is exceptional and award Catch Curve its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

D.      That the Defendants, and each of them, their officers, agents, employees, and those acting in privity with them, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of any of the patents-in-suit, pursuant to 35 U.S.C. § 283;

E.      That the Defendants, and each of them, be ordered to pay prejudgment and post-judgment interest;

F.      That the Defendants, and each of them, be ordered to pay all costs associated with this action; and

G.      That Catch Curve be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Catch Curve, Inc. demands a trial by jury of all issues triable of right by a jury.

This 11th day of August, 2008.

Respectfully submitted,

PATTON, TIDWELL & SCHROEDER, L.L.P.

By:  _/s/ J. Kurt Truelove_____
    Nicholas H. Patton
    Texas Bar No. 15631000
    J. Kurt Truelove
    Texas Bar No. 24013653
    4605 Texas Boulevard
    Texarkana, Texas 75503
    Telephone: (903) 792-7080
    Facsimile: (903) 792-8233
    E-mail: ktruelove@texarkanalaw.com

Attorneys for Plaintiff Catch Curve, Inc.

Of Counsel:

Dan R. Gresham (*admitted pro hac vice*)
Georgia State Bar No. 310280
*dan.gresham@tkhr.com*
Cynthia J. Lee (*admitted pro hac vice*)
Georgia Bar No. 442999
*cynthia.lee@tkhr.com*
Melissa Rhoden (*admitted pro hac vice*)
Georgia State Bar No. 143160
*melissa.rhoden@tkhr.com*
**THOMAS, KAYDEN, HORSTEMEYER
      & RISLEY, L.L.P.**
600 Galleria Parkway, Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Frank L. Bernstein (*admitted pro hac vice*)
California State Bar No. 189504
*fbernstein@kenyon.com*
**KENYON & KENYON LLP**
333 West San Carlos Street, Suite 600
San Jose, California 95110
Telephone: (408) 975-7500
Facsimile: (408) 975-7501